DERRICK WATKINS,

                          Plaintiff,

v.

WARDEN CHRISTOPHER STEVENS,
SECURITY DIRCTOR KIND,
DEGROOT, LT. A. MATUSHACK,
LT. CHAD NYES, and JOHN DOE,

                         Defendants.

Case No. 25-CV-1468-JPS

**ORDER**

Plaintiff Derrick Watkins ("Plaintiff"), an inmate confined at Green Bay Correctional Institution ("GBCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. ECF No. 1. Plaintiff has filed an amended complaint, ECF No. 3, and a proposed second amended complaint, ECF No. 10. The Court will consider the most recently filed complaint as the operative complaint. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his second amended complaint, ECF No. 10.

1. **MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing

fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On December 2, 2025, the Court ordered Plaintiff to pay an initial partial filing fee of $0.00. ECF No. 9. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 5. Plaintiff must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

## 2. SCREENING THE SECOND AMENDED COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff brings the operative complaint against Defendants Warden Christopher Stevens ("Stevens"), Security Director Kind ("Kind"), DeGroot, Lt. A. Matushack ("Matushack"), Lt. Chad Nyes ("Nyes"), and John Doe. ECF No. 10 at 1. On March 3, 2025, Plaintiff was housed at GBCI in a medium-security dorm where he worked as a laundry worker. *Id.* C.O. Daniel Cushing called Plaintiff down to the law library. *Id.* Cushing had Plaintiff's legal USB-drive plugged into his computer and was accessing Plaintiff's legal files. *Id.* at 2. Cushing told Plaintiff that he would be punished for having "sovereign citizen" documents. *Id.*

Later that day, Sgt. Paul came to Plaintiff's bunk and told him he was being kicked out of the dorm and losing his job. *Id.* Sgt. Paul said the decision came from an unknown captain and that Plaintiff was being labeled in the "security threat group" ("SCG") and could receive no pay for ninety days. *Id.* Matushack is responsible for making the decisions related

to inmates' status and that decision is then approved by Kind and Stevens. *Id.*

About a week later, a Latino inmate was written up for having the same exact documents. *Id.* This inmate received only a minor conduct report whereas Plaintiff received a major. *Id.* at 2–3. The Latino inmate received no punishment for this incident. Another white inmate received a major conduct report like Plaintiff, but the white inmate was able to get his job back and move back into the dorm after only two weeks. *Id.* Another white inmate received a major conduct report and was able to stay in the dorm and was not punished like Plaintiff. *Id.*

On August 25, 2025, Nyes punished Plaintiff for having a towel hanging on his bunk to dry. *Id.* At the same time, Nyes did not punish Plaintiff's white cellmate for similar conduct. *Id.*

### 2.3 Analysis

The Court will allow Plaintiff to proceed on a Fourteenth Amendment equal protection claim against Stevens, Kind, Matushack, Nyes, and John Doe. "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019) (citing *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)). To state such a claim, a prisoner must allege that the "defendants intentionally treated him differently because of his race ...ethnicity, sex, religion, or other proscribed factor..." *Id.* at 719–20 (citing *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760 (7th Cir. 2016)).

Here Plaintiff alleges that Defendants punished him more harshly than other inmates based on the color of his skin. At the pleading stage, Plaintiff may proceed on a Fourteenth Amendment equal protection claim against Stevens, Kind, Matushack, Nyes, and John Doe.

The Court does not find, however, that Plaintiff states a claim against DeGroot. For a prison official to be personally liable, he must have participated in some way with the alleged constitutional violation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.") (internal quotation marks and citation omitted); *see also Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Generally, the denial of a grievance "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *see also George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). DeGroot's denial of Plaintiff's prisoner grievance does not show that he participated in the constitutional deprivation. As such, the Court will dismiss DeGroot from this case for the failure to state a claim against him.

**3.    CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Fourteenth Amendment equal protection claim against Stevens, Kind, Matushack, Nyes, and John Doe.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Defendants should take note that, within forty-five (45) days of service of this Order, they are to file a summary judgment motion that raises

all exhaustion-related challenges. The Court will issue a scheduling order at a later date that embodies other relevant deadlines.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 5, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant DeGroot be and the same is hereby **DISMISSED** for the failure to state a claim against him;

**IT IS FURTHER ORDERED** that the proposed second amended complaint, ECF No. 10, shall be the operative complaint in this matter;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the second amended complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendants **Stevens, Kind, Matushack, and Nyes**;

**IT IS FURTHER ORDERED** that under the informal service agreement, those Defendants shall file a responsive pleading to the second amended complaint, ECF No. 10, within sixty (60) days;

**IT IS FURTHER ORDERED** that Defendants raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service;

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is

"certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common

Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 2nd day of April, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.